## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM D. DICKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02448-TWP-MPB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| CHRISTOPHER J. MATARELLI U.S. Customs | ) | |
| Agent, | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY SCREENING COMPLAINT AND DISMISSING ACTION

On October 20, 2020, the Court granted *pro se* Plaintiff William D. Dickerson's

("Dickerson") Motion to Proceed *in Forma Pauperis* (Filing No. 5). Because Dickerson is allowed

to proceed *in forma pauperis*, the Complaint is subject to screening pursuant to 28 U.S.C. §

1915(e)(2)(B). Under this statute, the Court must dismiss the Complaint if it is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's

discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether a complaint

states a claim, the Court applies the same standard as when addressing a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir.

2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim to relief that is plausible on its face. A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few

words on paper that, in the hands of an imaginative reader, *might* suggest that something has

happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints such as that filed by Dickerson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## A.    The Complaint

In his Complaint, Dickerson alleges the following his claim against the United States of America and U.S. Customs Agent Christopher J. Matarelli which arises under the Federal Tort Claims Act (Filing No. 1 at 1). He alleges that in February 2001 he was lawfully operating his car when he was pulled over by Indiana state troopers. The state troopers discovered $19,990.00 in U.S. currency, which was derived from legitimate sources and was loaned to Dickerson by a member of his family. The state troopers issued a speeding ticket to Dickerson and seized the currency and gave him a written receipt. The currency was later turned over to U.S. Customs agents. *Id.* at 2–3.

Also in February 2001, a case was opened by the U.S. Customs Service for the "adoptive seizure" of the money. Notice was forwarded to Dickerson, but it did not properly inform him who to contact or the procedures for contesting the seizure. No further communication was made concerning the seized money. In March 2006 Dickerson filed a motion to recover the money from U.S. Customs, and on "April 20, 2006, the Southern District of Indiana substituted the United States of America as the sole defendant in this action." *Id.* at 3–4. His action was construed as a challenge to a "completed administrative forfeiture," and his motion was denied for lack of jurisdiction. "Subsequent appeals and civil actions were dismissed or denied, respectively, in relation to the $19,990." *Id.* at 4–5.

In August 2019 he submitted an administrative tort claim to the U.S. Department of Justice concerning the seizure of money. He alleges the claim was transferred to U.S. Customs and Border Protection in December 2019, which was then denied in March 2020. *Id.* at 5. Dickerson asks this Court to order the return of the seized money as well as award punitive damages.

**B.**     **Dismissal of the Action**

It is apparent from the allegations of Dickerson's Complaint that this action must be dismissed. Dickerson alleges that he brought this same claim to obtain the return of the same seized money against the same defendant, the United States, and the Southern District of Indiana denied his claim. He further alleges that subsequent appeals and civil actions were unsuccessful. "Under the principles of *res judicata*, the relitigation of issues that were or could have been raised in prior actions is barred. There is no reason the proliferation of cases asserting the same claims in district courts across the country should be tolerated." *Taylor v. United States*, 2014 U.S. Dist. LEXIS 142186, at *4–5 (S.D. Ind. Oct. 6, 2014).

A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Generally, a plaintiff is given an opportunity to amend his complaint before dismissal of the action. However, where the action is frivolous or amending the complaint would be futile, dismissal without allowing for amendment of the

pleading is appropriate. This is such a case. Dickerson's case is frivolous as he seeks to relitigate the same claim against the same defendant for which he already has received judicial determinations and amending his complaint would be futile. Therefore, the Court **dismisses** this action for lack of jurisdiction. Final judgment will issue under separate order.

      **SO ORDERED.**

Date:   12/4/2020

                    Hon. Tanya Walton Pratt, Judge
                    United States District Court
                    Southern District of Indiana

Distribution:

WILLIAM D. DICKERSON #14280-026
YAZOO CITY MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5888
YAZOO CITY, MS 39194